CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Appellant, *v.* "NICKOLAS" PASCAL, First Name "Nickolas" Fictitious, Party Intended Being Known as NICK PASCAL, and Others, Respondents.

Supreme Court, Appellate Term, First Department, March 7, 1929.

*Kaye, McDavitt & Scholer* [*Denis B. Maduro* of counsel], for the appellant.

*Haight, Smith, Griffin & Deming* [*Gray Williams* of counsel], for the respondents Pascal.

*John A. Dutton* [*James H. McCabe, Jr.*, of counsel], for the respondent New York Savings Bank.

PER CURIAM. In this case all parties appeared by attorneys. Judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint, on cross-motions for judgments on the pleadings. No notice was given to the plaintiff of the entry of such judgments.

Rule 33 of the Municipal Court Rules provides as follows: " Where both parties appear by attorney, *copies of all pleadings, notices, demands, and other papers* in an action which are required to be filed with the clerk, shall be served by the attorney filing the same upon the attorney for the adverse party, with notice of the date of filing, within one day of the date of such filing."

Section 125 of the Municipal Court Code (as amd. by Laws of 1923, chap. 769) provides: " All judgments shall be prepared by the clerk of the court under the direction of the court except where the party in whose favor such judgment is rendered has appeared by an attorney."

This appeal raises the question as to whether or not notice of the entry of the judgment herein was required to be given to the plaintiff. We do not think that rule 33 is broad enough to require the giving of notice of entry of judgment. A judgment is not a paper required to be filed with the clerk within the meaning of the rule. An attorney may prepare a form of judgment but he does not file it, and it is not a judgment and is not filed until it is signed by the clerk. Although section 125 of the Municipal Court Code provides that the judgment shall be prepaid by the attorney for the prevailing party, it has been held that such provision does not preclude the entry of judgment by the clerk. (*Scott* v. *Hemmer*, 131 Misc. 474; affd., 223 App. Div. 872.)

While a statutory or other effective provision for the service of notice of entry of judgment in cases at least where both parties are represented by attorneys, would seem desirable, it is clear that under the present statute and rules no such notice is required.

Order affirmed, with ten dollars costs.

All concur; present, LYDON, CALLAHAN and PETERS, JJ.